IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY DIVISION

HOPKINS MANUFACTURING CORPORATION,

           Plaintiff,

v.

CEQUENT PERFORMANCE PRODUCTS, INC.

           Defendant.

Case No. 2:14-cv-2208

Jury Trial Demanded

## COMPLAINT

Plaintiff, Hopkins Manufacturing Corporation ("Hopkins"), for its complaint against Defendant, Cequent Performance Products, Inc. ("Cequent"), states:

### Parties

1.      Hopkins is a Kansas corporation with a principal place of business in Kansas.

2.      Cequent is a Delaware corporation with a principal place of business in Michigan.

### Jurisdiction and Venue

3.      This is an action arising under the patent laws, Title 35, United States Code, for Cequent's infringement of U.S. Patent No. 6,837,551.

4.      This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because Hopkins's claim arises under federal law.

5.      This Court has personal jurisdiction over Cequent because Cequent has offered to sell and actually sold products infringing the '551 Patent in Kansas; its infringing activities have caused harm to Hopkins in Kansas; and it has regularly solicited business in Kansas, engaged in

1

a persistent course of conducting business in Kansas, and derived substantial revenue from goods sold in Kansas.

6.      Venue is proper in this District under 28 U.S.C. §§ 1391(b–c) and 1400(b) because Cequent is subject to personal jurisdiction in this district and, therefore, "resides" in the District of Kansas according to federal law.

## Count I – Patent Infringement

7.      On January 4, 2005, U.S. Patent No. 6,837,551, entitled "Towed Vehicle Brake Controller," was duly and legally issued by the United States Patent and Trademark Office. A copy of the '551 Patent is attached as Exhibit A.

8.      Hopkins owns by assignment all right, title, and interest in and to the '551 Patent, including full rights to recover past and future damages thereunder.

9.      Cequent is making, importing, using, selling, and/or offering to sell brake controllers in the United States that are covered by (and/or the use of which  is covered by) one or more claims of the '551 Patent, including without limitation the Tekonsha Primus IQ, Tekonsha P3, and Tekonsha Prodigy P2 brake controllers (collectively, the "Infringing Products").

10.      Cequent's website, www.tekonsha.com, identifies numerous dealers in Kansas that sell the Infringing Products.

11.      Cequent has directly infringed, and continues to directly infringe, the '551 Patent by selling, offering to sell, using, making, and/or importing the Infringing Products in the United States.

12.      Each of the Infringing Products' only commercial use is as a brake controller for towing applications.

13.     Any use of the Infringing Products as a brake controller for a towing application is an act of direct infringement of the '551 Patent.

14.     Because the sole intended use of the Infringing Products is an infringing use, the Infringing Products have no substantial non-infringing uses.

15.     Cequent has induced infringement of the '551 Patent because, with knowledge of the '551 Patent, they intentionally and actively induced end users of the Infringing Products to use them in a manner that infringes the '551 Patent with specific intent that they do so.

16.     Cequent has further induced infringement of the '551 Patent by selling the Infringing Products to distributors, retailers, and other resellers with specific intent that they infringe the '551 Patent by reselling the products to others.

17.     Cequent has contributed to infringement of the '551 Patent by selling the Infringing Products, which have no substantial use other than an infringing use as brake controllers for towing applications.

18.     Cequent's infringements of the '551 Patent were, and continue to be, willful and deliberate.

19.     Hopkins has been damaged as a direct and proximate result of Cequent's infringing activities, and will continue to be irreparably injured unless the infringing activities are enjoined by this Court.

## **Prayer for Relief**

Based on the foregoing, Hopkins prays for judgment against Cequent as follows:

A.     A finding that Cequent has directly infringed one or more claims of the '551 Patent under 35 U.S.C. § 271(a).

B.     A finding that Cequent has induced infringement of one or more claims of the '551 Patent under 35 U.S.C. § 271(b).

C.     A finding that Cequent has contributed to infringement of one or more claims of the '551 Patent under 35 U.S.C. § 271(c).

D.     Preliminary and permanent injunctive relief enjoining Cequent and its officers, directors, managers, employees, affiliates, agents, representatives, parents, subsidiaries, successors, and assigns; those in privity with them; and all others aiding, abetting, or acting in concert or active participation with them from:

    (1)     making, using, selling, offering to sell in the United States, or importing into the United States, any device covered by the '551 Patent; or

    (2)     otherwise directly or indirectly infringing the '551 Patent.

E.     Compensatory damages under 35 U.S.C. § 284.

F.     Treble damages under 35 U.S.C. § 284.

G.     An order that Cequent account to Hopkins for all sales, revenues, and profits derived from its infringing activities and that three times those profits be disgorged and paid to Hopkins under 35 U.S.C. § 284.

H.     Attorney fees under 35 U.S.C. § 285.

I.     Pre- and post-judgment interest.

J.     Costs of the action.

K.     Such other and further relief as allowed at law or in equity that the Court deems just.

## Jury Demand

Hopkins demands a trial by jury on all issues so triable.


Respectfully Submitted,

May 2, 2014                                          s/ *Scott R. Brown*
                                                    Scott R. Brown, Kansas Bar No. 23395
                                                      sbrown@hoveywilliams.com
                                                    Matthew B. Walters, Kansas Bar No. 23514
                                                      mwalters@hoveywilliams.com
                                                    HOVEY WILLIAMS LLP
                                                    10801 Mastin Boulevard, Suite 1000
                                                    84 Corporate Woods
                                                    Overland Park, Kansas 66210
                                                    (913) 647-9050   Fax: (913) 647–9057

                                                    ATTORNEYS FOR PLAINTIFF