IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| HOPKINS MANUFACTURING CORPORATION, | ) ) ) |
| **Plaintiff,** | ) ) ) |
| v. | ) Case No.: 2:14-cv-2208 ) |
| CEQUENT PERFORMANCE PRODUCTS, INC., | ) ) ) |
| **Defendant.** | ) ) |

**DEFENDANT'S SECOND MOTION FOR EXTENSION OF TIME
TO ANSWER OR OTHERWISE PLEAD**

In accordance with Federal Rule of Civil Procedure 6 and Local Rule 6.1, Defendant Cequent Performance Products, Inc. ("Cequent") moves for a 29-day extension of time, until August 1, 2014, to move, plead, or otherwise respond to the complaint. Cequent obtained one prior extension, resulting in the present due date of July 3. Plaintiff Hopkins Manufacturing Corporation ("Hopkins"), with whom Cequent has consulted about this motion, opposes this motion.

The good cause for granting this motion is two-fold: (i) to provide time for the parties to discuss settlement without the distraction and cost of active ligation, and (ii) because, despite its diligence, Cequent needs additional time to further evaluate its defenses and to decide upon the best response to Hopkins' complaint.

**Background**

On December 31, 2013, Cequent sued Hopkins for patent infringement in the U.S. District Court for the Eastern District of Michigan, based on Hopkins selling electronic

brake controllers that infringe three Cequent patents, Case No. 2:13-cv-15293. In towing applications, brake controllers generally control the braking of a trailer based on the braking or deceleration of the towing vehicle, such as pickup truck. Hopkins responded to Cequent's suit by buying a secondhand brake controller patent, U.S. Patent No. 6,837,551 (the "Robinson patent"), a couple months ago and suing Cequent here.

This case and the Michigan case raise common issues of fact because all four patents cover technology for trailer brake controllers. Indeed, U.S. Patent No. 6,012,780 (the "Duvernay patent") that Cequent asserts against Hopkins in Michigan is the primary prior art reference that the USPTO relied on when it initially rejected the Robinson patent during patent prosecution. Thus, the Duvernay patent is relevant to Cequent's infringement case in Michigan and to its invalidity defense here. Moreover, the Cequent brake controllers that Hopkins accuses of infringement here are the same products on which Hopkins is seeking discovery in the Michigan case. And, vice versa, the Hopkins products that Hopkins will contend are covered by the Robinson patent here are the accused products on which Cequent is seeking discovery in the Michigan case. Therefore, Cequent is researching and evaluating a potential motion to transfer this case to Michigan for consolidation with the pending Michigan case between the parties.

Meanwhile, Cequent has discovered that the Robinson patent asserted here by Hopkins is invalid and should never have been granted by the USPTO. Cequent has found that the prior art discloses and teaches the features claimed by the Robinson patent, making the patent non-novel, obvious, and invalid. Cequent's invalidity research continues.

On July 1, 2014, the Special Master in the Michigan case held a conference with counsel for the parties. At the urging of the Special Master, counsel for Hopkins agreed to speak further with his client to determine if it would be interested in discussing settlement. At a follow-up conference with the Special Master on July 3, 2014, Hopkins' counsel advised that Hopkins was open to discussing settlement, and the parties' attorneys have agreed to set up a time to discuss settlement in more detail.

### **Argument**

The extension requested by Cequent, if granted, would promote judicial economy in at least two ways. First, it would allow time for the parties to further discuss the possibility of settlement. Any settlement of the Michigan action would include settlement of this case as well. Thus, it makes sense to wait to see if early settlement is a possibility before the parties spend time and energy on litigation that may go away. Moreover, settlement talks would likely be more productive without the distraction and adversity of active litigation. This is especially true because the parties are busy litigating the Michigan case.

Second, Cequent needs more time to decide how best to respond to Hopkins' complaint. Again, Cequent is considering whether to move for a transfer to Michigan for consolidation with the pending case between the parties. If Cequent must respond to the complaint now, the Court and parties will be required to spend time, effort, and resources on litigation that a transfer, if requested and granted, would render unnecessary.

Therefore, it makes economic sense to provide Cequent with 29 additional days so it can complete its investigation to decide how best to respond to Hopkins' complaint and so

the parties may spend their time and efforts to explore settlement possibilities rather than actively litigate. The Court should grant this motion accordingly.

Respectfully Submitted,

/s/ Stephen J. Torline
Stephen J. Torline     KS #18292
Michael T. Crabb       KS #24395
10740 Nall, Suite 250
Overland Park, Kansas 66211
Telephone: 913-948-8610
Fax: 913-948-8611
storline@ktklattorneys.com
mcrabb@ktklattorneys.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2014 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Scott R. Brown, sbrown@hoveywilliams.com
Matthew B. Walters, mwalters@hoveywilliams.com
HOVEY WILLIAMS LLP
10801 Mastin Boulevard, Suite 1000
84 Corporate Woods
Overland Park, Kansas 66210
913.647.9050 / Fax: 913.647.9057
*Attorney for Plaintiff*

s/Stephen J. Torline
Attorney