IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY DIVISION

| | |
|---|---|
| Hopkins Manufacturing Corporation,<br><br>Plaintiff,<br><br>v.<br><br>Cequent Performance Products, Inc.<br><br>Defendant. | Case No. 2:14-cv-2208-JAR-JPO<br><br>Jury Trial Demanded |

**HOPKINS MANUFACTURING CORPORATION'S OPPOSITION TO
DEFENDANT'S SECOND MOTION FOR EXTENSION OF TIME**

Pursuant to the Court's Order dated July 3, 2014 (Dkt. No. 9), Plaintiff Hopkins Manufacturing Corporation submits this opposition to Defendant Cequent Performance Products, Inc.'s Second Motion for Extension of Time to answer or otherwise respond to Hopkins' complaint.

Hopkins previously extended to Cequent the courtesy of a thirty day extension to answer, but does not understand why this was insufficient or further time is needed. No reason Cequent proffers supports its requested 29-day extension of time. First, an extension of time is not required to facilitate settlement discussion between the parties. As Cequent itself notes (Dkt. No. 8, pp. 1-2), it sued Hopkins for patent infringement in Michigan in December 2013. The parties are litigating that case in Michigan and further delaying Hopkins' case here will not abate "the distraction and cost of active litigation" as Cequent contends. Cequent's own argument demonstrates this fallacy: "[m]oreover, settlement talks would likely be more productive without the distraction and adversity of active litigation. This is especially true because the parties are busy litigating the Michigan case." (*Id.*, at p. 3).

1

Second, Cequent does not appear to require additional time to respond to Hopkins' complaint. In this lawsuit Hopkins asserts Cequent infringes U.S. Patent No. 6,837,551. But Cequent claims it has discovered prior art that renders the patent invalid. (Dkt. No. 8, p. 2). It is unclear what further investigation Cequent must perform to adequately respond to Hopkins' pleadings.

Finally, Cequent contends it may seek transfer of this matter to Michigan. Cequent nowhere contends that venue in this Court is somehow improper thereby requiring preservation of the defense under Rule 12(b)(3). Rather, Cequent merely suggests a motion may be for convenience of the parties and/or the Court. But no Rule of Civil Procedure requires such a motion to transfer be filed contemporaneous with an answer.

Cequent appears to have conducted sufficient fact investigation to file an answer to Hopkins' complaint and the additional bases Cequent proffers to justify its requested extension are illusory. Thus, Hopkins opposes further delay of its case and respectfully requests that Cequent's motion for an extension of time to answer or otherwise respond to Hopkins' complaint be denied.

Dated: July 8, 2014

Respectfully Submitted,

s/ Scott R. Brown
Scott R. Brown, Kansas Bar No. 23395
  sbrown@hoveywilliams.com
Matthew B. Walters, Kansas Bar No. 23514
  mwalters@hoveywilliams.com
HOVEY WILLIAMS LLP
10801 Mastin Boulevard, Suite 1000
84 Corporate Woods
Overland Park, Kansas 66210
(913) 647-9050   Fax: (913) 647–9057

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

    I hereby certify that on the 8th day of July I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which sends a notice of electronic filing on the following counsel of record:

Stephen J. Torline
Michael T. Crabb
KUCKLEMAN TORLINE KIRKLAND & LEWIS
10740 Nall, Suite 250
Overland Park, KS 66211
storline@ktklattorneys.com
mcrabb@ktklattorneys.com

ATTORNEYS FOR DEFENDANT

                                        s/ Scott R. Brown