(Rev. 9/16/13)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HOPKINS MANUFACTURING CORPORATION,

        Plaintiff,

v.                                              Case No. 14-2208-JAR

CEQUENT PERFORMANCE PRODUCTS, INC.,

        Defendant.

## SCHEDULING ORDER

On September 26, 2014, in accordance with Fed. R. Civ. P. 16, the undersigned U.S. Magistrate Judge, James P. O'Hara, conducted a scheduling conference in this patent infringement case with the parties.[1] Plaintiff appeared through counsel, Scott R. Brown and Matthew B. Walters. Defendant appeared through counsel, David B. Cupar and Stephen J. Torline.

After consultation with the parties' attorneys, and later with the presiding U.S. District Judge, Julie A. Robinson, the court enters this scheduling order, summarized in the table that follows:

---

[1] As used in this scheduling order, the term "plaintiff" includes plaintiffs as well as counterclaimants, cross-claimants, third-party plaintiffs, intervenors, and any other parties who assert affirmative claims for relief. The term "defendant" includes defendants as well as counterclaim defendants, cross-claim defendants, third-party defendants, and any other parties who are defending against affirmative claims for relief.

| SUMMARY OF DEADLINES AND SETTINGS ||
| --- | --- |
| Event | Deadline/Setting |
| Request for pre-mediation information and notice filed of mediation arrangements | October 15, 2014 |
| Exchange of requested pre-mediation information | November 10, 2014 |
| Plaintiff's settlement proposal | November 14, 2014 |
| Defendant's settlement counter-proposal | November 21, 2014 |
| Mediation completed | December 15, 2014 |
| Confidential settlement reports to magistrate judge (if Michigan mediation fails) | January 15, 2015 |
| Parties exchange information required by Rule 26(a)(1) | December 3, 2014 |
| Supplementation of initial disclosures | 45 days before the deadline for completion of fact discovery |
| All fact discovery completed | within 60 days of the court's claim-construction ruling |
| All expert discovery completed | within 120 days of the court's claim-construction ruling |
| Experts disclosed by party with initial burden of proof | within 80 days of the court's claim-construction ruling |
| Rebuttal experts disclosed | within 100 days of the court's claim-construction ruling |
| Defendant's motion to stay | January 9, 2015 |
| Plaintiff's disclosure of asserted claims and infringement contentions | January 12, 2015 |
| Defendant's disclosure of invalidity contentions | February 12, 2015 |
| Jointly proposed protective order submitted to court | October 15, 2014 |
| Motion and brief in support of proposed protective order (only if parties disagree about need for and/or scope of order) | October 21, 2014 |

| Exchange of disputed claim terms | February 19, 2015 |
| Exchange of proposed constructions | March 2, 2015 |
| Joint claim construction | March 9, 2015 |
| Plaintiff's opening brief | March 23, 2015 |
| Defendant's responsive brief | April 23, 2015 |
| Plaintiff's reply brief | May 6, 2015 |
| Markman hearing | setting to be established at status conference |
| Motions to dismiss | January 9, 2015 |
| Motions to amend | February 17, 2015 |
| All other potentially dispositive motions (e.g., summary judgment), and motions challenging admissibility of expert testimony | deadline to be set at end of claim-construction hearing |
| Status conference | May 11, 2015, at 9:00 a.m. |
| Proposed pretrial order due | deadline to be set at claim-construction hearing |
| Pretrial conference | setting to be established at claim-construction hearing |
| Trial | setting to be established at claim-construction hearing |

1.  **Alternative Dispute Resolution (ADR).**

Before plaintiff filed this suit in the District of Kansas, defendant filed a similar suit against plaintiff that is pending in the Eastern District of Michigan. See *Cequent Perf. Prods. Inc. v. Hopkins Manuf. Corp.,* 4:13-15293 (E.D. Mich. Dec. 31, 2013). As jointly proposed by the parties, there will be a global mediation to handle both cases. By **October 15, 2014**, the parties must jointly file a notice stating the full name, mailing address, and telephone number of the person whom they have selected to serve as mediator, along with the firmly scheduled date, time, and place of mediation. The mediation will be held between December 3 and December 15, 2014, before the special master who has been assigned in the Michigan case and/or a federal judge in Michigan who is not the presiding judge there. The parties shall exchange a request for information that will assist them in understanding the other party's position in preparation for the mediation by **October 15, 2014**. The parties shall exchange such requested information by **November 10, 2014.** Plaintiff must submit a good-faith settlement proposal to defendant by **November 14, 2014**. Defendant must make a good-faith counter-proposal by **November 21, 2014**. As earlier indicated, mediation must be completed by **December 15, 2014**. By **January 15, 2015**, unless the case has settled at mediation in Michigan, each party must submit a confidential settlement report by e-mail to the undersigned U.S. Magistrate Judge (but <u>not</u> Judge Robinson). These reports must briefly set forth the parties' settlement efforts to date, current evaluations of the case, views concerning future settlement negotiations, the overall prospects for settlement, and a specific

4

recommendation regarding any further mediation or any other ADR method. These reports must <u>not</u> be filed with the Clerk's Office. A separate ADR report must be filed by defense counsel within 14 days of any scheduled ADR process, using the form located on the court's website:

*http://www.ksd.uscourts.gov/adr-report/*

**2.      Discovery.**

a.      The parties shall exchange by **December 3, 2014,** their initial disclosures with regard to witnesses, exhibits, damage computations, and any applicable insurance coverage, as required by Fed. R. Civ. P. 26(a)(1). Supplementations of those disclosures under Fed. R. Civ. P. 26(e) must be served at such times and under such circumstances as required by that rule, and in any event, 45 days before the deadline for completion of fact discovery. The supplemental disclosures served 45 days before the deadline for completion of fact discovery must identify all witnesses and exhibits that probably or even might be used at trial. The opposing party and counsel should be placed in a realistic position to make judgments about whether to take a particular deposition or pursue follow-up "written" discovery before the time allowed for discovery expires. Should anything be included in the final disclosures under Fed. R. Civ. P. 26(a)(3) that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto, the witness or exhibit probably will be excluded under Fed. R. Civ. P. 37(c)(1).

b. All fact discovery must be commenced or served in time to be completed within 60 days of the court's claim-construction ruling. All expert discovery must be commenced or served in time to be completed within 120 days of the court's claim-construction ruling.

c. If expert testimony is used in this case, disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, must be served by the party who has the initial burden of proof within 80 days of the court's claim-construction order. Disclosures and reports by any rebuttal experts must be served within 100 days of the court's claim-construction order. Additional expert reports, if necessary, require leave of court and may be permitted for good cause shown. The parties must serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 14 days after service of the disclosures. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all of the information required by Rule 26(a)(2)(B) has been provided) and need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel must confer or make a reasonable effort to confer consistent with D. Kan. Rule 37.2 before filing any motion based on those objections.

d. The court considered but did not resolve the following discovery problem raised by defendant:

In accordance with the America Invents Act, if the parties do not reach a settlement through the ADR process outlined above, then defendant will petition the USPTO for an *Inter Partes Review* of the '551 patent based on what it believes is invalidating prior art, and will simultaneously move to stay the present litigation pending the outcome of the invalidity review of the '551 patent.

As discussed during the scheduling conference, any such motion to stay must be filed by **January 9, 2015**.

e. Consistent with the parties' agreements as set forth in their planning conference report, electronically stored information (ESI) in this case will be handled as follows:

The parties will produce ESI in an electronic format stored on a CD-ROM or for downloading via an FTP site. Each document, and the pages contained therein, shall be produced as searchable, multi-page PDF ("PDF") documents. To accomplish searching within the PDF files, each party shall make each page of the individual PDF files searchable with optical character recognition ("OCR") capabilities.

For any ESI with a native format in EXCEL or AUTOCAD, SOLID WORKS, PRO-ENGINEERING ("PRO-E"), VISIO, CATIA, PHOTOSHOP, or other electronic drawing, schematic, or photo software, the producing party shall produce the document in its native format. However, if information in particular EXCEL, AUTOCAD, SOLID WORKS, PRO-E, VISIO, CATIA, PHOTOSHOP, or other electronic drawing, schematic, or photo software files is to be redacted based upon privilege or other grounds, the parties may produce such files in a format other than native format as reasonably necessary to facilitate redaction. The parties agree to negotiate in good faith production in native format of other specifically identified documents at the request of the receiving party.

The parties do not presently anticipate the need to produce any metadata or embedded data for any ESI document. However, the parties agree to negotiate in good faith production of identified items of metadata for a specifically identified document at the request of the receiving party.

For all e-mails, the parties will produce the e-mails in accordance with the procedures described above with respect to PDF images with OCR characteristics.

For paper documents that are not ESI, each party shall electronically store the document as multi-page PDF images and produce the document in accordance with the ESI procedures discussed above, including providing a searchable PDF image to the extent available. For example, it is understood that it is unfeasible to provide OCR searching for handwritten characters. However, to the extent reasonable, each party shall provide OCR searching for all paper documents.

f.  Consistent with the parties' agreements as set forth in their planning conference report, claims of privilege or of protection as trial-preparation material asserted after production will be handled as follows:

The parties' agreement regarding claims of privilege or of protection as trial-preparation material asserted after production will be included in the parties' proposed protective order.

g.  The parties propose the following procedures for serving their respective infringement and invalidity contentions:

*Plaintiff's Infringement Contentions*

By **January 12, 2015**, plaintiff shall serve a disclosure of its asserted claims and infringement contentions, which shall include disclosure of each accused apparatus, product, device, or other instrumentality of which plaintiff are aware.

*Defendant's Invalidity Contentions*

By **February 12, 2015**, defendant shall serve a disclosure of its invalidity contentions. The disclosure shall include a chart identifying where each limitation of each asserted claim is anticipated and/or rendered obvious in the prior art. Moreover, the

disclosure shall include the identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious, whether each item of prior art anticipates each asserted claim or renders it obvious, and identification of any combinations of prior art showing obviousness. The disclosure shall also include any other grounds of invalidity under Title 35 of the United States Code.

    h.    No party may serve more than 25 interrogatories, including all discrete subparts, on any other party.

    i.    No more than 10 depositions may be taken by plaintiff, and no more than 10 depositions may be taken by defendant, including fact and expert despositions. All depositions must be governed by the written guidelines that are available on the court's website:

*http://www.ksd.uscourts.gov/deposition-guidelines/*

    j.    Discovery in this case may be governed by a protective order. If the parties agree concerning the need for and scope and form of such a protective order, they must confer and then submit a jointly proposed protective order by **October 15, 2014**. This proposed protective order should be drafted in compliance with the guidelines available on the court's website:

*http://www.ksd.uscourts.gov/guidelines-for-agreed-protective-orders-district-of-kansas/*

At a minimum, such proposed order must include a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate

basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c). A pre-approved form of protective order is available on the court's website:

*http://www.ksd.uscourts.gov/flex/?fc=9&term=5062*

If the parties disagree concerning the need for, and/or the scope or form of a protective order, the party or parties seeking such an order must file an appropriate motion and supporting memorandum, with the proposed protective order attached, by **October 21, 2014**.

    k.    The parties intend to serve disclosures and discovery requests and responses electronically, as permitted by Fed. R. Civ. P. 5(b) and D. Kan. Rules 5.4.2 and 26.3.

    l.    The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1. Accordingly, the parties are respectfully reminded that this court plans to strictly enforce the certification requirements of Fed. R. Civ. P. 26(g). Among other things, Rule 26(g)(1) provides that, by signing a discovery request, response, or objection, it's certified as (i) consistent with the applicable rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action. If a certification violates these

restrictions without substantial justification, under Rule 26(g)(3), the court *must* impose an appropriate sanction on the responsible attorney or party, or both; the sanction *may* include an order to pay the reasonable expenses, including attorney fees, caused by the violation. Therefore, *before* the parties and counsel serve any discovery requests, responses, or objections in this case, lest they incur sanctions later, the court *strongly* suggests that they carefully review the excellent discussion of Rule 26(g) found in *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354 (D. Md. 2008).

3. ***Markman* Procedures.**

   a. Exchange of Disputed Claim Terms - By **February 19, 2015**, the parties shall serve on each other a list of claim terms that the party contends should be construed by the court and identify any claim term that any party believes should be governed by 35 U.S.C. § 112(6). The parties shall meet and confer thereafter to limit the disputes by narrowing or resolving differences.

   b. Exchange of Proposed Constructions - By **March 2, 2015**, the parties shall simultaneously serve on each other their respective proposed constructions of each term identified by either party for claim construction. At the same time, each party shall also identify all references from the specification or prosecution history that support its proposed construction and designate any supporting extrinsic evidence.

   c. Joint Claim Construction - By **March 9, 2015**, the parties shall file a joint claim-construction statement, including the terms on which the parties agree, and plaintiff's and defendant's proposed constructions of any disputed terms, together with an

11

identification of any extrinsic evidence known to the party on which it intends to rely to support its proposed construction or to oppose any other party's proposed construction.

  d. Plaintiff's Opening Brief - By **March 23, 2015**, plaintiff shall file its opening brief and any evidence supporting its proposed claim construction.

  e. Defendant's Responsive Brief - By **April 23, 2015**, defendant shall file its responsive brief and supporting evidence.

  f. Plaintiff's Reply Brief - By **May 6, 2015**, plaintiff may file a reply brief and any evidence directly rebutting the supporting evidence contained in defendant's response. Absent leave of the court, defendant shall not be entitled to file any surreply brief.

**4. Motions.**

  a. Provided that such defenses have been timely preserved, any motions to dismiss asserting lack of personal jurisdiction, improper venue, insufficient process or service of process, failure to state a claim upon which relief can be granted, or the propriety of the parties, must be filed by **January 9, 2015**.

  b. Any motion for leave to join additional parties or to otherwise amend the pleadings must be filed by **February 17, 2015**.

  c. A deadline for filing potentially dispositive motions (e.g., motions for summary judgment) will be set at the claim-construction hearing. The court plans to decide dispositive motions, to the extent they are timely filed and briefed without any extensions, approximately 60 days before trial.

d. Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, i.e., summary-judgment briefs that fail to comply with these rules may be rejected, resulting in summary denial of a motion or consideration of a properly supported motion as uncontested. Further, the court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a good-faith dispute. The parties should follow the summary-judgment guidelines available on the court's website:

*http://www.ksd.uscourts.gov/summary-judgment/*

e. A deadline to file all motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, will be set at the claim-construction hearing.

f. If issues remain unresolved after the parties have complied with the "meet and confer" requirements applicable to discovery-related motions under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the parties and counsel are strongly encouraged to consider arranging a telephone conference with the undersigned magistrate judge *before* filing such a motion. But such a conference is not mandatory.

g. Any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 must be filed and served within 30 days of the default or service of the response, answer, or objection that is the subject of the motion, unless the time for filing such a

motion is extended for good cause shown.  Otherwise, the objection to the default, response, answer, or objection is waived.  *See* D. Kan. Rule 37.1(b).

h. To avoid the filing of unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for the briefing or hearing of a motion, or for trial.  *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(a). Nor does this apply to modifying the requirements of Fed. R. Civ. P. 26(a)(2) concerning experts' reports.  *See* D. Kan. Rule 26.4(c).

i. The arguments and authorities section of briefs or memoranda submitted must not exceed 30 pages, absent an order of the court.

**5.** **Status Conference, Pretrial Conference, Trial, and Other Matters.**

a. The parties agree that principles of comparative fault do <u>not</u> apply to this case.

b. The parties presently request a claim-construction (*Markman*) hearing in approximately mid-May, 2015**,** with disposition no later than June 1, 2015.  A telephone status conference will be held on **May 11, 2015, at 9:00 a.m.**  The purpose of this conference will be to determine whether the case actually is ripe for a claim-construction hearing, and the scheduling of same.

c. A setting for a pretrial conference before dispositive motions are filed will be made at the claim-construction hearing.  The parties' proposed pretrial order must be in the form available on the court's website:

*http://www.ksd.uscourts.gov/flex/?fc=9&term=5062*

The parties must affix their signatures to the proposed pretrial order according to the procedures governing multiple signatures set forth in paragraphs II(C) of the *[Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases](#)*.

    d.    The parties expect the jury trial of this case to take approximately 5-7 trial days. This case will be set for trial at the claim-construction hearing. That trial setting may be changed only by order of the judge presiding over the trial.

    e.    The parties are not prepared to consent to trial by a U.S. Magistrate Judge at this time.

    f.    This court, like the Kansas Supreme Court, has formally adopted the Kansas Bar Association's *Pillars of Professionalism* (2012) as aspirational goals to guide lawyers in their pursuit of civility, professionalism, and service to the public. Counsel are expected to familiarize themselves with the *Pillars of Professionalism* and conduct themselves accordingly when litigating cases in this court. The *Pillars of Professionalism* are available on this court's website:

*http://www.ksd.uscourts.gov/pillars-of-professionalism/*

This scheduling order will not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated October 1, 2014, at Kansas City, Kansas.

   s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge