# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**HOPKINS MANUFACTURING CORPORATION,**

    **Plaintiff,**

    v.

**CEQUENT PERFORMANCE PRODUCTS, INC.,**

    **Defendant.**

**Case No. 14-2208-JAR**

## MEMORANDUM AND ORDER

Plaintiff Hopkins Manufacturing Corporation ("Hopkins") filed this single-count action for alleged patent infringement of U.S. Patent No. 6,837,551 ("'551 Patent"). On February 10, 2015, this Court granted a motion to stay the case pending inter partes review ("IPR") of the patent by the United States Patent and Trademark Office ("USPTO"). This matter is before the Court on Defendant Cequent Performance Products, Inc.'s ("Cequent") Motion for Summary Judgment and Motion to Lift the Stay (Doc. 27). The motions are fully briefed and the Court is prepared to rule. As described more fully below, Defendant's Motion for Summary Judgment and Motion to Lift the Stay are granted.

**I.    Legal Standard**

Summary judgment is appropriate if the moving party demonstrates that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law.[1] In applying this standard, the court views the evidence and all reasonable inferences therefrom in

---

[1] Fed. R. Civ. P. 56(a); *see also Grynberg v. Total*, 538 F.3d 1336, 1346 (10th Cir. 2008).

1

the light most favorable to the nonmoving party.[2]  "There is no genuine issue of material fact unless the evidence, construed in the light most favorable to the nonmoving party, is such that a reasonable jury could return a verdict for the nonmoving party."[3]  A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim."[4]  An issue of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party."[5]

The moving party initially must show the absence of a genuine issue of material fact and entitlement to judgment as a matter of law.[6]  In attempting to meet this standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need simply point out to the court a lack of evidence regarding an essential element of the other party's claim.[7]

Once the movant has met this initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial."[8]  The nonmoving party may not simply rest upon its pleadings to satisfy its burden.[9]  Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a

---

[2] *City of Harriman v. Bell*, 590 F.3d 1176, 1181 (10th Cir. 2010).

[3] *Bones v. Honeywell, Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

[4] *Wright ex rel. Trust Co. of Kan. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 2004)).

[5] *Thomas v. Metro. Life Ins. Co.*, 631 F.3d 1153, 1160 (10th Cir. 2011) (internal quotations omitted).

[6] *Spaulding v. United Trasp. Union*, 279 F.3d 901, 904 (10th Cir. 2002) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

[7] *Adams v. Am. Guar. & Liab. Ins. Co.*, 233 F.3d 1242, 1246 (10th Cir. 2002) (citing *Adler*, 144 F.3d at 671); *see also Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010).

[8] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 324; *Spaulding*, 279 F.3d at 904 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

[9] *Anderson*, 477 U.S. at 256; *accord Eck v. Parke, Davis & Co.*, 256 F.3d 1013, 1017 (10th Cir. 2001).

rational trier of fact could find for the nonmovant."[10]

The facts "must be identified by reference to an affidavit, a deposition transcript, or a specific exhibit incorporated therein."[11]  Rule 56(c)(4) provides that opposing affidavits must be made on personal knowledge and shall set forth such facts as would be admissible in evidence.[12] The nonmoving party cannot avoid summary judgment by repeating conclusory opinions, allegations unsupported by specific facts, or speculation.[13]

Finally, summary judgment is not a "disfavored procedural shortcut;" on the contrary, it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action."[14]  In responding to a motion for summary judgment, "a party cannot rest on ignorance of facts, on speculation, or on suspicion and may not escape summary judgment in the mere hope that something will turn up at trial."[15]

## II. Uncontroverted Facts

The following facts are uncontroverted, stipulated to, or viewed in the light most favorable to Plaintiff.

Hopkins filed this single-count action against Cequent for alleged infringement of United State Patent No. 6,837,551.  On January 23, 2015, Cequent filed a petition for IPR of eight

---

[10]*Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1197–98 (10th Cir. 2000) (quoting *Adler*, 144 F.3d at 671); *see Kannady*, 590 F.3d at 1169.

[11]*Adams*, 233 F.3d at 1246.

[12]Fed. R. Civ. P. 56(c)(4).

[13]Fed. R. Civ. P. 56(c)(1); *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1199 (10th Cir. 2006) (citation omitted); *see also Celotex*, 477 U.S. at 323–24 ("One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses").

[14]*Celotex*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

[15]*Conway v. Smith*, 853 F.2d 789, 794 (10th Cir. 1988).

claims of the '551 Patent with the USPTO.[16]  On August 17, 2015, the USPTO granted Cequent's petition and instituted IPR of the eight claims of the '551 Patent.

On December 7, 2015, Hopkins filed a request for adverse judgment in the IPR proceedings in accordance with 37 C.F.R. § 42.73(b)(4), and in its notice, Hopkins acknowledged that "such abandonment will lead to cancellation of the claims involved in this *inter partes* review."[17]  On December 11, 2015, the USPTO granted Hopkins' request, entered judgment adverse to Hopkins, and ordered that "claims 1–8 of U.S. Patent No. 6,837,551 B2 shall be *canceled*."[18]

On February 10, 2016, Cequent forwarded to Hopkins what it called "a draft motion for consent judgment with the judgment for [Hopkins'] review."[19]  The transmittal email requested Hopkins to "[p]lease let us know whether you agree to this language or have comments."  Cequent followed up on February 18, 2016 by email requesting that Hopkins "[p]lease let us know if the draft is acceptable, otherwise we will have to move for summary judgment against Hopkins."[20]

Later in the day on February 18, 2016, Hopkins responded with its comment and attached a redlined version of a proposed stipulation of dismissal.  The transmittal email read:

> Attached is a redline version of what Hopkins is willing to stipulate to.  When we had our phone call, we did not discuss a consent judgment, Dave stated you needed an express acknowledgment that Cequent is the prevailing party in the stipulation.  We have included such in this version along with a little more factual context and we don't believe a consent judgment is appropriate.  Further, the

---

[16] The USPTO assigned case No. IPR15-00605 to the matter.  Doc. 28.

[17] Doc. 28-2.

[18] Doc. 28-3.

[19] The Court overrules Cequent's objections to ¶¶ 6–9 of Hopkins' statements of additional facts.  Doc. 30 at 3.  The Court views these additional statements of facts as material because there is a dispute as to the proper method of disposition of the case.  These facts go to the dispute between the parties—whether stipulated dismissal or consent judgment is proper.

[20] Doc. 28-4.

attached will be self-executing and require no further action by the Court on this issue.  Given what Hopkins is willing to stipulate to in this version, a motion for summary judgment by Cequent would be unnecessarily complicating the matter and driving up costs for no reason we can discern.[21]

Cequent did not respond to Hopkins' email or request any changes to Hopkins' proposed stipulation of dismissal before filing its Motion to Lift the Stay and Motion for Summary Judgment on February 24, 2016.[22]

**III.   Discussion**

The only issue to resolve in this motion for summary judgment is whether Defendant is entitled to summary judgment in its favor in order to proceed as the prevailing party for purposes of seeking attorney's fees under §285 of the Patent Act.[23]  The parties both agree that the merits of the patent infringement case were resolved with the adverse judgment entered against Plaintiff at the USPTO.[24]  However, Defendant argues that a final judgment on the merits is necessary to establish it as the prevailing party; Plaintiff argues that a stipulation of dismissal under Fed. R. Civ. P. 41(a)(1)(A)(ii) is sufficient in this case.

Plaintiff offers three arguments for denial of summary judgment under the circumstances of this case.  First, Plaintiff argues that cancellation of the claims during the IPR with the adverse judgment entered against it mooted this case.  Second, Plaintiff contends that existing case law does not require a judgment on the merits, such as a granting of summary judgment, to seek

---

[21] Doc. 28-5.

[22] The Court overrules Cequent's objections to ¶ 9 of Hopkins' statements of fact.  Doc. 30 at 3.  Cequent argues that it did respond to Hopkins' request for stipulated dismissal.  Cequent did not properly controvert this fact.  The declaration by Cequent's counsel David Cupar, states that counsel had communicated by phone and email with Hopkins on February 5, 2016, February 10, 2016, and February 18, 2016.  Hopkins refused to agree to the consent judgment on February 18, 2016, but there is no evidence that Cequent communicated with Hopkins after the email with the proposed stipulation of dismissal.

[23] 35 U.S.C. § 285.

[24] Doc. 28 at 3("There is no genuine dispute here that all eight claims of the '551 patent have been canceled with finality."); Doc. 29 at 5 ("Hopkins . . . acknowledg[ed] in its draft that Cequent is a prevailing party . . . ."); Doc. 29 at 10 ("There is no work for the parties or the Court to do regarding the merits of the case; the [Patent Trial and Appeals Board] already did it.")

exceptional-case attorney's fees.  Third, Plaintiff argues that a stipulated dismissal under Rule 41(a)(1)(A)(ii) is sufficient to allow Defendant to be the prevailing party for purposes of seeking attorney's fees.

### A.     Mootness

The Court first addresses whether this case is moot for purposes of considering summary judgment and lifting the stay based on the USPTO's cancellation of the patent claims.  Article III of the Constitution gives federal courts the power to exercise jurisdiction only over "Cases" and "Controversies."  As the Supreme Court has explained:

> In limiting the judicial power to "Cases" and "Controversies," Article III of the Constitution restricts it to the traditional role of Anglo-American courts, which is to redress or prevent actual or imminently threatened injury to persons caused by private or official violation of law.  Except when necessary in the execution of that function, courts have no charter to review and revise legislative and executive action.[25]

The standing doctrine requires federal courts, before considering the merits of an action, to "satisfy themselves that the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant [the plaintiff's] invocation of federal-court jurisdiction."[26]  Standing considers whether there is a case or controversy at the time the action is filed, while "mootness ensures it remains one at the time a court renders a decision."[27]  A case is moot only when it is impossible for a court to grant any effectual relief to the prevailing party.[28]  "Failure to satisfy the requirements of either doctrine places a dispute outside the reach of the federal courts."[29]

---

[25] *Summers v. Earth Island Inst.*, 555 U.S. 488, 492 (2009).

[26] *Id.* at 493 (quoting *Warth v. Seldin*, 422 U.S. 490, 498–99 (1975)).

[27] *Brown v. Buhman*, 822 F.3d 1151, 1163–64 (10th Cir. 2016).

[28] *Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (citing *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992)).

[29] *Id.* at 1164.

The Court notes that Plaintiff has not cited any authority supporting its assertion that a case is moot upon a cancellation of claims in the USPTO office.  Plaintiff cited *Cartner v. Alamo Group, Inc.* where the district court entered a judgment for defendants upon a motion for a consent judgment following a remand of the case from the circuit.[30]  The district court also awarded attorney's fees.[31]  Plaintiff distinguishes *Cartner* from this case because it argues there was a live controversy when the consent judgment was entered in *Cartner*–namely, the invalidity of the patent was still in question on remand.  Plaintiff argues the validity of the patent is not at issue in this case.  However, here, the Court finds that while the adverse judgment cancelled the claims and patent validity, the issue of who is the prevailing party is still a live controversy given the Supreme Court's requirements.

Case law does not support Plaintiff's position that this case is moot.  In *Inland Steel Co. v. LTV Steel Co.*,[32] the Federal Circuit faced a procedural posture similar to this case.  The district court stayed the litigation pending the resolution of reexamination proceedings in the USPTO.  Following the reexamination, which ended in cancellation of the patents, the district court, on defendant's motion, reopened the case and entered judgment dismissing the case with prejudice in favor of the defendant.[33]  The district court dismissed the counterclaims made by defendant as moot in light of the USPTO's reexamination, but the district court did enter judgment in favor of the defendant on the issue of infringement.[34]  The Federal Circuit

---

[30] No. 07-1589, 2011 WL 4457665, at *1, *5 (N.D. Ohio Sept. 23, 2011).

[31] *Id.*

[32] 364 F.3d 1318 (Fed. Cir. 2004).

[33] *Id.* at 1320.

[34] *Id.*

7

considered the case, and it did not indicate or raise the issue of mootness when the district court entered judgment.[35]

Similarly, in *Credit Card Fraud Control Corp. v. Maxmind, Inc.*,[36] the United States District Court for the Northern District of Texas considered a patent infringement action, which was stayed pending a petition with the USPTO's Patent Trial and Appeal Board ("PTAB").[37] The plaintiff filed a request for cancellation and adverse judgment with the PTAB, which then cancelled the patent claim.[38]  At the parties' request, the district court entered an order of dismissal.[39]  Although mootness was not raised, there was no finding of mootness such that the district court did not have the authority to enter an order of dismissal.[40]

Here, the Court finds that this case is not moot as Plaintiff contends.  Both of the above cases proceeded to entry of judgment at the district court despite cancellation of the claims in the USPTO and the PTAB.  Despite the cancellation of claims in this case at the USPTO upon entry of adverse judgment, this case may proceed to entry of judgment.  As will be explained more fully below, the issue of whether Defendant is the prevailing party depends on the entry of judgment in this case.  This decision will impact the parties going forward—the district court's entry of judgment is necessary to confer status as a prevailing party in order to seek attorney's

---

[35] *Id.*; *see also PPG Indus. Inc. v. Celanese Polymer Specialties Co.*, 840 F.2d 1565, 1567 (Fed. Cir. 1988) (determining that although the court did not expressly confer status as a prevailing party on defendant, the court awarded attorney's fees to the defendant following the reopening of a case in which the district court stayed the action pending a reissue examination that resulted in the USPTO canceling the patent); *W. Falcon, Inc. v. Moore Rod & Pipe, LLC*, 2015 WL 3823629, at *4–5 (S.D. Tex. June 18, 2015) (considering defendant a prevailing party after a Rule 41(a)(2) dismissal following the cancellation of claims in the USPTO and mooting out a motion for summary judgment based on the order of dismissal under Rule 41(a)(2)).

[36] No. 14-3262, 2016 WL 3355163 (N.D. Tex. Apr. 7, 2016).

[37] *Id.* at *1.

[38] *Id.*

[39] *Id.* Although the case does not specify, the district court "entered" the order of dismissal indicating this was likely dismissed by court order under Rule 41(a)(2).

[40] *Id.*

fees under § 285 of the Patent Act. The adverse judgment entered in the USPTO did not resolve the case in this Court. Therefore, this case is not moot.

### B.  Prevailing Party Status

The dispositive question is whether a stipulation of dismissal under Rule 41(a)(1)(A)(ii) or a final judgment on the merits is required to confer prevailing party status on Cequent for purposes of § 285 of the Patent Act.

Section 285 of the Patent Act provides that "[t]he court in exceptional cases may award reasonable attorney's fees to the prevailing party."[41] Similar to § 285 of the Patent Act, many statutes contain fee-shifting provisions for prevailing parties. The Supreme Court has consistently held that such statutes prohibit an award of fees unless the court awards relief on the merits, either through a judgment on the merits or through a settlement agreement enforced through a consent decree.[42] In order to be a prevailing party, the Court has explained that the focus is not on the defendant's voluntary change in conduct, but rather whether there is a "judicially sanctioned change in the legal relationships of the parties."[43] The Court held that a defendant's voluntary change in conduct, even if it accomplishes what the plaintiff sought to achieve, lacks the necessary "judicial imprimatur on the change."[44] The Federal Circuit applies the Supreme Court's requirements in *Buckhannon* to § 285 of the Patent Act.[45]

---

[41] 35 U.S.C. § 285.

[42] *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't Health & Human Res.*, 532 U.S. 598, 603–04 (2001) (addressing a request for attorney's fees to the prevailing party under the Fair Housing Amendments Act and the Americans with Disabilities Act); *see also Rice Servs., Ltd. v. United States*, 405 F.3d 1017, 1025 (Fed. Cir. 2005).

[43] *Buckhannon*, 532 U.S. at 605.

[44] *Id.*

[45] *Highway Equip. Co. v. FECO, Ltd.*, 469 F.3d 1027, 1033–34 (Fed. Cir. 2006).

The Federal Circuit has not addressed whether voluntary dismissal under Rule 41(a)(1)(A)(ii) is sufficient to render a defendant a prevailing party.[46] Rule 41(a)(1)(A)(ii) states that "the plaintiff may dismiss an action *without a court order* by filing . . . a stipulation of dismissal signed by all parties who have appeared."[47] Under Rule 41(a)(1)(B), the dismissal is without prejudice unless stated otherwise in the notice or the plaintiff previously dismissed the same claim.[48] The Federal Circuit has held that Rule 41(a)(1)(A)(i), a notice of dismissal filed before the opposing party serves an answer or motion for summary judgment without a court order, does not bestow prevailing party status.[49] The Federal Circuit explained that Rule 41(a)(1)(A)(i) was insufficient to confer prevailing party status because it is without prejudice leaving the plaintiff free to refile and it is not judicially sanctioned given that it does not require a court order.[50]

In contrast to the voluntary dismissals without court order under Rule 41(a)(1), a number of courts have ruled that a dismissal with prejudice under Rule 41(a)(2) renders the party against whom the claims were made the prevailing party.[51] Rule 41(a)(2) states that "an action may be

---

[46] Federal Circuit law applies to define the meaning of prevailing party in the context of patent litigation. *See Inland Steel Co. v. LTV Steel Co.*, 364 F.3d 1318, 1320 (Fed. Cir. 2004) (citing *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1181 (Fed. Cir. 1996)).

[47] Fed. R. Civ. P. 41(a)(1)(A)(ii) (emphasis added).

[48] Fed. R. Civ. P. 41(a)(1)(B).

[49] *RFR Indus., Inc. v. Century Steps, Inc.*, 477 F.3d 1348, 1353 (Fed. Cir. 2007).

[50] *Id.* (citing *Szabo Food Serv., Inc. v. Canteen Corp.*, 823 F.2d 1073, 1076–77 (7th Cir.1987) ("Because the Rule 41(a)(1)(i) dismissal is without prejudice . . . it is not the practical equivalent of a victory for defendant on the merits.")).

[51] *See Musket Corp. v. Star Fuel of Okla., LLC*, No. 11-444, 2016 WL 1057800, at *4 n.3 (W.D. Okla. Mar. 14, 2016); *Cartner v. Alamo Group, Inc.*, No. 17-1589, 2011 WL 4457665, at *3(N.D. Ohio Sept. 23, 2011) (finding a court may award attorney's fees under § 285 where the parties entered into a consent judgment ); *Claiborne v. Wisdom*, 414 F.3d 715, 719 (7th Cir. 2005) (finding defendant was prevailing party when claims were voluntarily dismissed under Rule 41(a)(2)); *Samsung Elecs. Co., Ltd. v. Rambus Inc.*, 440 F. Supp. 2d 495, 511 (E.D. Va. 2006) ("A Rule 41(a)(2) dismissal is a court order that materially alters the legal relationship between the parties. It is only granted after the court exercises its discretion, and thus bears the necessary judicial imprimatur. The necessary conclusion then is that the voluntary dismissal with prejudice in this case made Samsung the prevailing party".); *Capitol Records, Inc. v. Foster*, No. Civ. 04-1569-W, 2006 WL 4558154, at *4 (W.D. Okla. July 13, 2006) (finding

dismissed at the plaintiff's request only by court order, on terms that the court considers proper."[52] Unlike Rule 41(a)(1)(ii), Rule 41(a)(2) dismissals require judicial approval. In *Bryant v. MV Transportation, Inc.*,[53] the district court explained that:

> While a voluntary dismissal under Rule 41(a)(1)(ii) is effective with little to no court involvement, the court plays a significant role in resolving a case that is dismissed under Rule 41(a)(2). A voluntary dismissal under Rule 41(a)(2) is not valid unless the parties obtain a court order. The plaintiff must move the court, in writing, to dismiss the action. The court has the discretion to approve or disapprove of the motion, and hence constitutes the determining factor as to whether the case is dismissed. The court also has the authority to impose conditions on the moving party, thereby shaping the terms of the dismissal . . . . Thus, a Rule 41(a)(2) dismissal has the "judicial imprimatur" and "judicially sanctioned" relief lacking in a Rule 41(a)(1)(ii) dismissal.[54]

The Court agrees with Defendant that dismissal under Rule 41(a)(1)(A)(ii) would be insufficient to confer prevailing party status under the Supreme Court's standards announced in *Buckhannon*. As with Rule 41(a)(1)(A)(i), Rule 41(a)(1)(A)(ii) is a dismissal without prejudice unless the notice states otherwise, so it does not constitute a change in the legal relationship of the parties. Even if the stipulation were to state the dismissal was with prejudice, a plaintiff's voluntary dismissal under Rule 41(a)(1)(A)(ii) is not judicially sanctioned because it does not require a court order, nor does the court have the authority to place any conditions on it. By Defendant's own admission, the stipulated dismissal it proposed would "be self-executing and

---

plaintiffs' Rule 41(a)(2) voluntary dismissal with prejudice represented judicially sanctioned material alteration in legal relationship between parties and defendant was prevailing party); *Bryant v. MV Transp., Inc.*, 231 F.R.D. 480, 482 (E.D. Va. 2005) (finding that Rule 41(a)(2) has the required "judicial imprimatur" and "judicially sanctioned" relief); *Power Mosfet Techs., LLC v. Siemens AG*, 378 F.3d 1396, 1404 (Fed. Cir. 2004) (considering defendant a prevailing party based on plaintiff's motion to dismiss it from the case, which the court granted presumably under Rule 41(a)(2)). Plaintiff raised both *SFA Sys. LLC v. Newegg Inc.*, 793 F.3d 1344 (Fed. Cir. 2015) and *Leviton Mfg. Co. v. Universal Sec. Instruments, Inc.*, 606 F.3d 1353, 1356–58 (Fed. Cir. 2010) as examples of cases allowing for voluntary dismissal to confer prevailing party status, but it does not state in either case whether the parties filed under Rule 41(a)(1)(A)(ii) or Rule 41(a)(2). The Court is unwilling to make an assumption either way.

[52] Fed. R. Civ. P. 41(a)(2).

[53] 231 F.R.D. 480 (E.D. Va. 2005).

[54] *Id.* at 482.

11

require no further action by the Court on this issue."[55] This would undoubtedly not have "judicial imprimatur" and "judiciallyサンctioned" relief necessary for the requirements to be a prevailing party. Therefore, if the action were to be dismissed under Rule 41(a)(1)(A)(ii), Hopkins' dismissal would not give Cequent prevailing party status in order to pursue attorney's fees under § 285 of the Patent Act.

Further, the Court considers whether judgment on the merits from summary judgment is proper to confer prevailing party status for § 285 of the Patent Act. The Federal Circuit has held that a defendant may be the prevailing party where the district court entered a final judgment in its favor in response to a request by the defendant for a judgment based on the action of the USPTO in cancelling the patent in suit.[56] Here, following the adverse judgment entered against Hopkins, Cequent moves the Court to enter a final judgment in its favor based on "the cancellation of the claims involved in [the] *inter partes* review."[57] The Court finds that summary judgment, a relief on the merits, satisfies the Supreme Court's requirement in *Buckhannon*. Summary judgment is a "judicially sanctioned change in the legal relationships of the parties."[58] Therefore, the Court finds that summary judgment is properly granted in favor of Defendant based on the cancellation of the claims in the USPTO. The entry of judgment will confer on

---

[55] Doc. 28-5.

[56] *See Inland Steel Co. v. LTV Steel Co.*, 364 F.3d 1318, 1321 (Fed. Cir. 2004) (concluding the defendant was the prevailing party after the district court stayed the litigation for reexamination in the USPTO and upon reopening the case on defendant's motion after cancellation of the claims, the district court entered judgment in favor of the defendant). *But cf. Mars, Inc. v. JCM Am. Corp.*, 2009 WL 2356834, at *5–6 (D.N.J. July 30, 2009) (concluding the defendant was not the prevailing party despite having the USPTO invalidate the claims against it because the court dismissed without prejudice and did not enter judgment).

[57] Doc. 28-2.

[58] *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't Health & Human Res.*, 532 U.S. 598, 605 (2001).

Defendant prevailing party status in order to pursue attorney's fees under § 285 of the Patent Act.[59]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Summary Judgment and Motion to Lift the Stay (Doc. 27) are **granted**.

**IT IS SO ORDERED.**

Dated: December 12, 2016

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[59] The Court notes also that a consent judgment under Rule 41(a)(2), as Cequent originally proposed, would have been sufficient to confer prevailing party status for purposes of seeking attorney's fees without the burden of time and resources for the Court and litigants of filing a motion for summary judgment. *See* discussion *supra* note 51.