# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**HOPKINS MANUFACTURING CORP.,**

    **Plaintiff,**

    v.

**CEQUENT PERFORMANCE PRODUCTS, INC.,**

    **Defendant.**

Case No. 14-CV-2208-JAR

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Cequent Performance Products, Inc.'s Motion for Extension of Time to File a Notice of Appeal (Doc. 53) of the Court's Memorandum and Order denying attorneys' fees entered on July 5, 2017.[1] Plaintiff Hopkins Manufacturing Corporation has filed a response.[2] Therefore, the motion is fully briefed and the Court is prepared to rule.[3] For the reasoning explained more fully below, the Court denies Defendant's motion for extension of time to file its notice of appeal.

In a civil case, the notice of appeal must be filed with the district clerk within 30 days after the entry of the judgment or order appealed from.[4] However, if a party files in the district court any of the following motions under the Federal Rules of Civil Procedure—and does so within the time allowed by those rules—the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:

---

[1] Doc. 52

[2] Doc. 54.

[3] The Court notes that the motion and response did not address the relevant standards for extension of time to file a notice of appeal. Instead, the parties took the motion and response as an opportunity to address the merits of whether a Rule 60 motion should be granted by this Court. This was neither helpful nor relevant to deciding the motion before the Court.

[4] Fed. R. App. P. 4(a)(1).

> (i) for judgment under Rule 50(b);
> (ii) to amend or make additional factual findings under Rule 52(b); whether or not granting the motion would alter the judgment;
> (iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;
> (iv) to alter or amend the judgment under Rule 59;
> (v) for a new trial under Rule 59; or
> (vi) for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.[5]

None of these motions have been filed.[6]

The district court may extend the time to file a notice of appeal if: (1) a party so moves no later than 30 days after the time prescribed by Rule 4(a) expires; and (2) regardless of whether its motion is filed before or during the 30 days after the time prescribed by Rule 4(a) expires, that party shows excusable neglect or good cause.[7] The extension may not exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later.[8]

This motion, which was filed on August 3, 2017, was timely, so the Court must determine whether Defendant meets the second requirement of showing excusable neglect or good cause to extend the time for filing a notice of appeal. There has been no showing of excusable neglect for the extension.[9] Although not articulated, the Court construes Defendant's

---

[5] Fed. R. App. P. 4(a)(4)(A).

[6] Defendant states in its motion that it intends to file a motion to reconsider under Rule 60 on the grounds that certain representations made by Plaintiff, on which the Court relied in the attorneys' fee Order, were materially incorrect. In order for the notice of appeal time to run from the order disposing of a Rule 60 motion, the motion must be filed no later than 28 days after the judgment is entered. Fed. R. App. P. 4(a)(4)(A)(vi). The 28-day period lapsed on August 2, 2017. Thus, any motion under Rule 60 would not change the 30-day period for filing the notice of appeal.

[7] Fed. R. App. P. 4(a)(5)(A).

[8] Fed. R. App. P. 4(a)(5)(C).

[9] *Bishop v. Corsentino*, 371 F.3d 1203, 1206 (10th Cir. 2004) (considering neglect justifying extension based on: (i) the danger of prejudice to the non-movant; (ii) the length of the delay and its potential impact on judicial proceedings; (iii) the reason for the delay, including whether it was in the reasonable control of the movant; and (iv) whether the movant acted in good faith). The Tenth Circuit has found on several occasions that professional obligations of movant's counsel is not sufficient, as a matter of law, to show excusable neglect. *United*

argument for good cause in seeking the extension because counsel is consumed with preparation for and the conduct of expert depositions in the parallel Michigan litigation.[10]

The Tenth Circuit has described the concept of "good cause" as "tak[ing] account of a narrow class of cases in which a traditional 'excusable neglect' analysis would be inapposite."[11] Good cause exists "in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant."[12] Courts have addressed numerous examples of situations where the need for extension was or was not out of control of the movant.[13]

Here, the Court first notes that Defendant waited until the end of the 30-day period to file this motion, and it has done so at its own peril. Further, the Court is not convinced that counsel taking depositions, which presumably have been scheduled for months, shows the need for an extension based on something outside of Defendant's control.[14] The fact that Defendant's counsel is engaged in other professional obligations pertaining to the Michigan litigation does not show that the deadline cannot be met despite Defendant's diligent efforts. There is no

---

*States v. Mitchell*, 464 F.3d 1149, 1152 (10th Cir. 2006), *rev'd on other grounds*, 551 U.S. 1129 (2007); *Utah Republican Party v. Herbert*, 678 F. App'x 697, 701 (10th Cir. 2017).

[10] *Cequent Performance Prods., Inc. v. Hopkins Mfg. Corp.*, No. 13-CV-15293 (E.D. Mich.).

[11] *Rochelle v. CVS Caremark*, No. 14-2473, 2015 WL 5568294, at *2 (D. Kan. Sept. 22, 2015) (quoting *Bishop*, 371 F.3d at 1207; *Mirpuri v. ACT Mfg., Inc.*, 212 F.3d 624, 630 (1st Cir. 2000)).

[12] *Id.* (quoting *Bishop*, 371 F.3d at 1207; Fed. R. App. P. 4(a)(5) advisory committee's note to 2002 amendment).

[13] *Compare Thomas v. Butts*, 745 F.3d 309, 311–12 (7th Cir. 2014) (explaining district court granted extension of time to file notice of appeal because plaintiff had problems with the mail and lacked access to the law library thereby showing good cause or excusable neglect); *Rochelle*, 2015 WL 5568294, at *2 (finding good cause because the plaintiff, proceeding *pro se*, lost access to a computer, internet, and mailbox and did not receive an order from the court) *with Magraff v. Lowes HIW, Inc.*, 217 F. App'x 759, 761 (10th Cir. 2007) (failing to find good cause where attorney deliberately waited until the end of the 30-day period to file notice of appeal, fell ill on the day the notice of appeal needed to be filed, had not been ill during the entire period during which the appeal could have been filed, the notice of appeal was a simple document to prepare, and he did not seek the assistance of other attorneys to complete the filing).

[14] The Court also notes that Defendant failed to provide any supporting documentation regarding the depositions (i.e. notice of depositions). The Court does not know when such depositions are being conduct and how many depositions are being conducted.

evidence in the record that Defendant's counsel has made any effort to seek the assistance of other attorneys in their office, or even a secretary, to file the notice of appeal.  The notice of appeal is a simple document that is filed electronically.  Defendant has made little attempt to meet the standard for good cause, so the motion for extension of time to file a notice of appeal must be denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Motion for Extension of Time to File a Notice of Appeal (Doc. 53) is **denied**.

**IT IS SO ORDERED.**

Dated: August 4, 2017

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE